GOODHUE *et al.* vs. GRANT *et al.*

1. DEPOSITIONS. A deposition cannot be read in evidence unless it plainly and satisfactorily appears from the certificate of the justice that all the requirements of the statute have been fully complied with, and no presumption will be indulged in to supply any defect.

2. EVIDENCE. The docket of a justice and proceedings before him, cannot be admitted in evidence without preliminary proof being first given to show their authenticity.

3. ERROR. Error is not presumed, but must be made to appear affirmatively.

ERROR to the District Court for *Green* County.

The deposition of Bennett, which was rejected as evidence, was taken in the presence of the attorneys for the parties, and cross interrogatories were put, and the caption of the deposition stated that the witness was "produced and sworn," and that "on his oath he deposes and answers the several interrogatories propounded to him as follows."

The certificate of the justice did not state any thing as to the swearing of the witness or reading the deposition, and in all other respects, the case is fully stated in the opinion of the court.

*David Noggle*, for plaintiff in error.

*A. Hyatt Smith*, for defendant in error.

MILLER, J.    The plaintiffs in error were defendants in the district court of Green county.

Upon the trial the defendants offered in evidence the deposition of Michael Bennett, which was objected to by plaintiffs, on the ground that the justice's certificate does not set forth that the deposition was carefully read to witness by the justice, or that he read it himself before signing, which said offer was overruled by the court. This is the first error assigned.

By the act concerning testimony and depositions, it is required that the justice shall annex to the deposition a certificate of the time and manner of taking it; the person at whose request, and the cause or suit for which it was taken, and the reason for taking it; and stating also whether the adverse party attended, and if not, stating the notice, if any, that was given him. It must also state, according to sections 14 and 16 of the same act, that the deponent was sworn to testify the truth, the whole truth and nothing but the truth; that the said deposition was written by the justice, or by the deponent, or by some disinterested person in the presence and under the direction of the justice; and that the deposition was carefully read to, or by the deponent, and that

it shall then be signed by the deponent.    It must plainly
and satisfactorily appear, from the certificate of the jus-
tice, that all the requirements of the statute have been
fully complied with, and no presumption will be admitted
to supply any defect in the taking of the deposition.
There ought to be direct proof that the requisitions of
the statute have been complied with, of which the certifi-
cate of the justice is made evidence.    The rule for taking
depositions is adopted for the convenience and benefit of
the party, and if he does not bring himself within it he
cannot complain.    The legislature intended that every
part or requisition of the rule should be equally import-
ant and binding, consequently, the court cannot relax or
change it.    *Bell v. Morrison*, 1 Pet. 351 ; *Pettibone v.
Derringer*, 4 Wash. C. C. 215 ; *United States v. Smith*,
4 Day, 121 ; 2 Pet. Dig. 41.    It not appearing that the
deposition had been carefully read to or by the deponent,
the court decided correctly in rejecting it.

The defendants then offered in evidence the record of
the judgment of a justice of the peace of Green county,
with the papers connected therewith.    Also, the com-
plaint, writ and bond in a replevin suit before the same
justice.    It did not appear that the record and papers
had been first proven, and the offer was rejected by the
court.    The record or docket of a justice of the peace
must be proven before the court can receive it, or take
into consideration the question of its admissibility as
competent evidence in the cause.    The other reasons for
rejecting the offer did not materially apply, until the
proper foundation was first laid for the offer.    The legal
ground not being first laid, the court could not do other-
wise than reject the offer.

The third error assigned, that the court refused to
charge the jury as is requested in the first, second and
third points, is not properly presented for the considera-
tion of this court.    From the bill of exceptions, it does
not appear what the instructions were.    The rule is, that
a court of error presumes a judgment and proceedings to

be correct, until error is made to appear. For this reason it is the duty of the plaintiff in error to have his case so presented to this court that we can be enabled to detect the error alleged, and dispose of the case understandingly and with proper certainty.

It is ordered that the judgment of the district court be affirmed, with costs.