MARTIN O. WALKER, Appellant, *vs.* HORACE E. BARRON, Respondent.

#### APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

Upon the taking of a deposition in another State, under a Commission from the Courts of this State, (or under stipulation of parties waiving a commission,) the presence of an agent or attorney for either party is irregular, (except by consent), and where it appeared from the Commissioners' return " that one Gilbert was present at the taking of said deposition, on the part of the Plaintiff," the deposition should have been excluded.  (*Case of The Union Bank of Sandusky vs. Torrey,* 2 *Abbotts' Pr. Rep.* 269, *overruled.*)

When a commission has been returned and opened so that its contents might, with reasonable diligence, have been known to the parties before the trial of the cause, a motion for its suppression or re-execution, on the ground of its irregular or defective execution, must be made at chambers, and should not be entertained by the Judge upon the trial.  *Quere—Whether this will be enforced without a statute or rule of Court requiring it?*

Points and authorities of the Appellant :

*First.*—1. Depositions taken on stipulation of Counsel are only admissible when taken pursuant to such stipulation. *Stat. Min. Sec.* 27, *p.* 678.

2. The authority to take depositions of witnesses whether conferred by statute or by stipulation of Counsel, being in derogation of the Common Law, must be strictly pursued. 1 *Peters* 355, 5 *Conn.* 324, 5 *Mass.* 220, 4 *Phillips on Ev. Part* 2, 672, *and cases cited,* 23 *Wend.* 41.

3. The discretionary power of the court is confined solely to the waiving of mere technical formalities in cases where depositions are taken either on commission or stipulation. *Sec.* 27 *and* 29, *p.* 678, *Comp. S.*

4. Where a deposition shows upon its face that it was taken in such a manner that an undue advantage might have been taken by a party, it is not within the discretionary power of the court to receive it. 3 *Pick.* 14, 4 *Conn.* 572, 5 *Conn.* 321, 9 *Pick.* 484, 2 *Penn.* 200, 1 *Penn.* 454, 5 *Mass.* 226.

5. A deposition taken under a commission is not evidence, if the attorney of one of the parties was present at the taking, though he took no part in it. 6 *Barr.* 449; 5 *Georgia,* 424; 8 *Georgia,* 421; *Rule* 7, *Sup. C.;* 24 *Pick.* 226.

*Second.*—The third cross-interrogatory was merely an attempt to elicit the opinion of the witness formerly expressed as to the effect of his testimony, and as such clearly inadmissible. 1 *Greenleaf on Ev. Sec.* 449.

*Third.*—The second cross-interrogatory administered to the witness required him to state the entire conversation at a time and place mentioned without reference to its bearing upon the case at bar, and tending to elicit testimony collateral to the issue, was entirely too broad.

Points and authorities of Respondent :

*First.*—The presumption is that a deposition regular on its face was taken in accordance with the exact requirements of the Law. *People vs. Moore,* 15 *Wend.* 419, 421 ; *Hallaron vs. Field,* 23 *Wend.* 38 ; *Barron vs. Pettes,* 18 *Vt.* 385.

*Second.*—This deposition was taken pursuant to the stipulation and the statutes. *Comp. St.* 678, *S.* 27, 28. *Stipulation and Justices' Certificates.*

*Third.*—Neither the statute, the stipulation, nor any rule of court prohibits the parties or their attorneys from being present at the taking of depositions. *Comp. St.* 678, *S.* 27, 28, *and Rules of Court.*

*Fourth.*—When parties stipulate to take a deposition, they provide by such stipulation for the reservation of all rights and objections which they deem important, and by such provision evidently design to waive all others. *Morse vs. Cloyes,* 11 *Barb. S. C.* 107 ; *Black vs. Bowman,* 4 *Eng.* (*Ark.*) 501.

*Fifth.*—The presence of an attorney for one of the parties at the taking is no reason why a deposition should be rejected in the absence of an express rule of court to the contrary, and in the absence of express proof that undue advantage was taken. *Farrow vs. Commonwealth Ins. Co.* 18 *Pick.* 56; *Brown vs. Kimball,* 25 *Wend.* 269 (*Edwards' Opinion;*) *Otis vs. Clark,* 2 *Miles* (*Penn.*) 272; *Union Bank of Sandusky vs. Torry,* 2 *Abb. Pr. Rep.* 269.

*Sixth.*—A deposition taken neither pursuant to a commission nor stipulation, may be received in the discretion of the court. *Comp. St.* 678, *Sec.* 29.

*Seventh.*—This deposition is the testimony of the Appellant's own witness taken at the Appellant's request, and introduced by him (the Appellant) in evidence, and it is only a part of the deposition which he endeavors to exclude.

*Eighth.*—The party introducing a deposition taken in his behalf must read the whole. *Southwark Ins. Co. vs. Knight,* 6 *Wharton* (*Pa.*) 327.

*Ninth.*—A motion for the suppression of a deposition on the ground of the irregular or defective execution of a commission or stipulation, must be made at chambers, and should not be made on the trial. *Union Bank of Sandusky vs. Torry,* 2 *Abb. Pr. Rep.* 269; *Farrow vs. Commonwealth Ins. Co.* 18 *Pick.* 56.

*Tenth.*—The third interrogatory objected to was put upon the cross-examination of Appellant's witness, and the strict rules of direct examination do not apply to it. 1 *Green. Ev. Sec.* 449; *Lawrence vs. Baker,* 5 *Wend.* 305; 1 *Starkie Ev.* 188, 203, 205; 2 *Phil. Ev.* 398, 399.

*Eleventh.*—The second interrogatory was likewise put upon cross-examination, and does not require the witness to state any of the conversation except what relates to the subject of the action, and the witness in answering that has confined himself to the subject of this action exclusively. *See authorities cited on last Point, and Gideon Stiles, et al. vs. Western R. R. Comp.* 11 *Metcalf,* 376.

*Twelfth.*—Immateriality of evidence is not ground for reversing the decision of the court below. *King vs. Dale,* 1 *Scammon,* 513; *Northfield vs. Plymouth,* 20 *Vt.* 582.

COLE & CASE, Counsel for Appellant.

BATCHELDER & BUCKHAM, Counsel for Respondent.

*By the Court.*—ATWATER, J.　This was an action brought by Barron, the Plaintiff below, in the District Court of the Fifth Judicial District, and judgment rendered against the Defendant for $792 69-100.　From that judgment the Defendant appealed to this Court.　The only point necessary to consider, is whether a certain deposition offered by the Plaintiff was properly received in evidence.

In the progress of the trial, the Defendant offered in evidence the deposition of David S. Pratt, (a resident of Michigan) taken upon interrogatories on the part of the Defendant, pursuant to stipulation of counsel.　Upon the introduction of which, Plaintiff's counsel produced, and requested Defendant's counsel to read the deposition of said Pratt, taken upon cross interrogatories, filed by Plaintiff pursuant to stipulation of counsel, this deposition having been taken subsequently to that offered by the Defendant.　The Defendant objected to the admission of the deposition offered by the Plaintiff, upon the ground " that it appeared from the return of the Justice by whom said deposition was taken, that one Henry C. Gilbert was present at the taking of said deposition on the part of the Plaintiff, and that no one appeared on behalf of the Defendant."　The stipulation referred to, after providing for the manner in which and before whom said deposition should be taken, concludes as follows, viz:　" And we hereby waive the issuing of a commission, and all other formalities and requisitions of the statute in relation to the taking of depositions."　The deposition was received in evidence, to which the Defendant excepted.

At common law depositions could not be received in evidence, and can only be admitted by virtue of the statute or of a stipulation, when all the requisitions of the same are complied with.　They are at best considered an unsatisfactory species of evidence, and Courts have uniformly scrutinized them closely, and exercised caution in their admission.　*Sec.* 27, *p.* 678, *Comp. Stat.*, provides for the taking of depositions by commission and stipulation, and if taken by the latter method

"they may be used upon the trial with like force and effect in all respects as if taken upon the commissions and written interrogatories as hereinafter provided." The general principles which govern their admission are therefore the same in both cases; and the stipulation in this case waives only the "formalities and requisitions of the statute in relation to the taking of depositions." Both the statute and rules of Court are silent as to the presence of attorneys at the taking of depositions, and the question here raised must be decided on those principles of equity, which control in the administration of justice in similar cases. The Court will see that the spirit of the law is not violated to the prejudice of a party, even though the letter may have been complied with. In *Bryant vs. Commonwealth Ins. Co.* 9 *Pick.* 484, the commission was issued in accordance with the rules, but the depositions were rejected, the Court saying that they were taken within the letter of the rule, but certainly against the spirit of it. In Massachusetts, the Court has adopted stringent rules in regard to the taking of depositions, and it is provided "that in all cases where depositions are to be taken on interrogatories, either for a suit at common law or in equity, neither party shall be permitted to attend at the taking of such depositions, either himself, or by an attorney or agent, nor be permitted to communicate by interrogatories or suggestions, with such deponent, whilst giving his deposition in answer to the interrogatories annexed to the commission." And the commissioner is even required to exclude all persons from the room at the time of taking the deposition, except it may be some disinterested person, who may be appointed to act as clerk. (24 *Pick.* 386.) In the adoption of this rule, it is manifest the Court regarded the presence of an attorney or agent for the parties at the taking of depositions as an evil which should be prevented, and are even so cautious in the reception of such evidence, as to exclude all persons save the commissioner and witness at the taking of the deposition.

Although neither our statute nor rules of Court are thus explicit, yet we think a fair construction of them would exclude the presence of an attorney or agent of either party (except by consent) at the taking of depositions out of the State. The interrogatories and cross-interrogatories are settled here by the

attorneys or the Court, before the commission leaves, and can neither be added to or diminished, at the time of taking the deposition. There can be no necessity for the presence of an attorney, for the witness has nothing to do but to answer the questions or interrogatories in the form proposed, without change or explanation. It is easy to perceive that an attorney or agent, present at the taking of a deposition, might by suggestions to a witness or to the commissioner taking the deposition, materially change the tenor of evidence to the prejudice of the opposite party; and it cannot for a moment be supposed that one party would knowingly give his adversary such an advantage.

It is true the certificate of the commissioner does not show *what* part Gilbert took, or in what manner he participated in the taking of this deposition, and it is urged that in the absence of express proof that undue advantage was taken, the deposition should be received. But it being contrary to the spirit and intent of the statute, that a party or attorney should appear at the taking of a foreign deposition, without consent of the opposite party, the burden of proof in showing prejudice should not be thrown on the party complaining of a violation of this principle. The statement that "Henry C. Gilbert, Esq., being present on the part of the Plaintiff," appears in the certificate, and the inference is that he was there to act for the Plaintiff, and did act for him, so far as he might judge the interests of Plaintiff demanded. He had no right to be present at all at the taking of the deposition, much less to *appear in the case on behalf of the Plaintiff*, either as attorney or agent. If this Court were to tolerate such practice, no party would be safe in sending a commission to another State to take depositions, without also engaging an attorney to be present to see that his interests were protected at the execution of the commission. Such a course would be attended with inconvenience and mischief, and the Court should sanction no proceeding which might countenance a necessity for its adoption.

The case of *The Union Bank of Sandusky vs. Torrey*, 2 *Abbott's Pr. R.* 269, cited by the counsel for the Respondent, is in conflict with the views above expressed. Duer, J. remarks that "the parties have the same right to appear by

counsel on the execution of a commission, as on the trial of a cause, and notice of their intention to do so is no more necessary to be given in the one case than in the other." But no reasons are given for such ruling, and with all due respect for the opinions of that Court, (which, as then constituted, was one of marked ability) we think its decision on that point cannot be sustained on principle. In the case of *Brown vs. Kimball*, 25 *Wend.* 269, it appears that counsel for both parties were present, without objection, the point there made being of a different nature, although the Court states that counsel had a right to be present. The objection that an attorney was present on the part of the Plaintiff at the execution of a commission, was raised in *Farrow vs. Commonwealth Ins. Co.*, 18 *Pick.* 56, and held untenable. But the Court admit the evil of the practice, and decline to interfere, on the ground that the rules they had framed to prevent the mischief had not been promulged; at the same time stating that there was another substantial reason for overruling the objection, in the delay of some two years that had occurred after the filing of the deposition, and before the objection was taken. I have not had access to the statute of Massachusetts, or the rules of Court that governed in that State at that time, with reference to the taking of depositions, to determine how far this case may be applicable as authority here. But if an evil practice had been permitted to grow up in that State, and obtain such force that the Court did not feel authorized to interfere to prevent it, without framing and publishing rules expressly prohibiting it, (as it afterwards did) I think it a strong reason why this Court should settle the correct practice in the very first instance that is presented for our consideration, that we may not hereafter be embarrassed by a wrong precedent.

The counsel for the Respondent also urges that the objection here presented could not be raised on the trial, but should have been made at chambers by motion; citing 2 *Abb. Pr. Rep.*, 269, *and* 18 *Pick.* 56. In the first named case, after the delivery of the opinion, Mr. Justice Duer said that he was instructed by the Court to state, for the information of the bar, that when a commission has been returned and opened so that its contents might with reasonable diligence have been known

to the parties before the trial of the cause, a motion for its suppression or re-execution, on the ground of its irregular or defective execution, must be made at chambers, and would not be entertained by the judge upon the trial. We think this rule not applicable to the case at bar. It appears from the paper book that the deposition was filed March 16th, 1860, and the trial occurred at the April Term, 1860. No such lack of diligence is here shown as should preclude the Defendant from making his objection at the trial. The rule in itself is unobjectionable, and when applicable should be enforced by the Court. The judgment below is reversed, and a new trial granted.

*Chief Justice Emmett dissents.*