[No 10,438.]

## THE PEOPLE *v.* MORINE.

EVIDENCE—CRIMINAL LAW—DEPOSITION.— The deposition of a witness in a criminal case, taken by the committing magistrate, under § 869 Penal Code, is not admissible in evidence against the defendant, under § 686 Penal Code, unless taken in manner and form and certified as required by the former section; and the certificate must set forth an actual compliance with all the requirements of the statute. *Held*, accordingly, that a deposition not certified by the magistrate, otherwise than by a *jurat*, in the ordinary form, was inadmissible.

ID.—ID.—ID.—CONSTITUTIONAL LAW.—A query made as to the constitutionality of § 686 Penal Code; but *held*, not necessary to decide it.

| 54 | 575 |
| 105 | 657 |
| 54 | 575 |
| 143 | 382 |
| 143 | 578 |

APPEAL from a judgment for the plaintiff, and an order denying a motion for a new trial, in the Tenth District Court, County of Colusa. KEYSER, J.

The facts are stated in the opinion.

*Charles T. Jones*, for Appellant.

*Henry Starr*, for Respondent.

Department No. 1, McKINSTRY, J.:

The first point of appellant's counsel is stated as follows: " The District Attorney offered in evidence a deposition, or what purported to be a deposition, consisting of what was claimed to be the testimony of A. J. Pitts, taken before a Justice of the Peace—the committing magistrate. The deposition was not certified by the magistrate as required by § 869 of the Penal Code, nor does it appear to have been taken in the presence of the defendant. The defendant objected to the deposition upon several grounds; among others, *that it was not taken in the presence of the defendant*, and that the deposition was not properly authenticated. The objection was overruled, and defendant excepted. The deposition was then read in evidence."

An examination of the transcript shows that the defendant's counsel is mistaken in supposing that an objection was taken to the deposition on the ground that " it was not taken in the presence of the defendant." The objection thus construed by counsel was:

" Second,—That said deposition is incompetent for any purpose. Under our Constitution the Legislature has not the power to provide that any testimony shall be taken at the trial of a criminal case, except from the lips of the witness, and while the witness is on the stand confronting the defendant; that it is a matter of constitutional law, that in every criminal case the defendant shall be confronted by his witness, [meaning the witnesses against him] and that the taking of a deposition before the preliminary examining magistrate is not a compliance with that provision."

This is evidently not an objection that it had not been proved that defendant was present at the examination and when the deposition was taken, but an objection that such a deposition cannot be received at the trial *in any case*.

It is not necessary to inquire whether the provision of the Penal Code, which authorizes a deposition taken before a committing magistrate to be read at the trial, is constitutional. Sec-

tion 686 of the Penal Code provides that a defendant shall be entitled to be confronted with the witnesses against him *in the presence of the Court*, except that where the charge has been preliminarily examined before a committing magistrate, and the testimony taken down by question and answer in the presence of the defendant, who has either in person or by counsel cross-examined, or had an opportunity to cross-examine, the witness, * * * the deposition of such witness may be read, upon it being satisfactorily shown to the Court that he * * * cannot with due diligence be found within the State." And § 869 of the Penal Code is as follows:

" The testimony given by each witness must be reduced to writing, as a deposition, by the magistrate, or under his direction, and authenticated in the following form :

" 1. It must state the name of the witness, his place of residence, and his business or profession.

" 2. It must contain the questions put to the witness and his answers thereto, each answer being distinctly read to him as it is taken down, and being corrected or added to until it conforms to what he declares to be the truth.

" 3. If a question put be objected to on either side and overruled, or the witness declines answering it, that fact, with the ground on which the question was overruled or the answer declined, must be stated.

" 4. The deposition must be signed by the witness, or, if he refuses to sign it, his reason for refusing must be stated in writing as he gives it.

" 5. It must be signed and *certified* by the magistrate."

There can be no doubt that the two sections are to be taken *in pari materia*. It is a deposition taken in manner and form and certified as required by § 869, which is declared to be admissible at the trial by § 686. The section last referred to does not permit any evidence of the testimony given by a witness at the preliminary examination, except the deposition duly certified.

The deposition offered was not *certified* by the magistrate. The *jurat* is not a certificate. The Code of Civil Procedure does not in terms provide for the contents of a certificate to a

deposition. Yet, as long ago as *Williams* v. *Chadbourne*, (reported in 6 Cal. 559) it was held the certificate should state that the deposition was read to the witness before signing. "It must set forth an actual compliance with all the requirements of the statute."

Judgment and order reversed, and cause remanded for a new trial.

.Ross, J., and McKee, J., concurred.