[No. 651.   Decided December 13, 1892.]

M. P. HOBART, *Respondent*, v. DANIEL JONES, *Appellant*.

DEPOSITIONS — NOTICE OF SETTLING INTERROGATORIES — SUFFI-
CIENCY OF CERTIFICATE.

Where the defendant in an action has had three days' notice by the plaintiff of the settling of interrogatories upon which depositions are to be taken, and at the time set the defendant appears and has the hearing continued for three days to enable him to file cross interrogatories, he is estopped from claiming that he had insufficient notice.

Where a deposition is taken pursuant to a commission issued by the court, the certificate thereto substantially complies with the requirements of the statute when it states that "F. N. Hendrix, commissioner, does hereby certify," and is signed "F. N. Hendrix, commissioner and notary public," especially when the caption states that it is the "Deposition of  .  .  .  taken before F. N. Hendrix  .  .  .  pursuant to the annexed commission to take testimony."

*Appeal from Superior Court, King County.*

*Smith & Littell*, for appellant.

*McClure & Wheeler*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The record in this case shows that the appellant should be estopped from now claiming that he did

not have sufficient notice of the time for settling interrogatories. Service was admitted on April 15, 1892, April 18th being the day appointed, and even if we were inclined to interfere with the discretion given by the statute to the court to fix a shorter time, the record shows that the appellant appeared, and that upon his own motion the hearing was continued until April 21st, to enable him to file cross interrogatories. So that he actually had six days' notice instead of three, which the statute accords him, and that at the time appointed on his own motion to appear and make objection to the interrogatories, he appeared and made objections to the interrogatories, so that it seems to us that his objection urged here is entirely without merit.

We think the objections to the certificate and signature, or want of signature, of the commissioner, are equally untenable. The caption is: "Deposition of F. D. Dibble, taken before F. N. Hendrix, at . . . on the 27th day of April, 1892, pursuant to the annexed commission to take testimony." And while the certificate is signed "F. N. Hendrix, commissioner and notary public," it might just as forcibly be held that the words "notary public" were descriptive of the person, as the word "commissioner," but taking the signature in connection with the first part of the certificate, which states that F. N. Hendrix, commissioner, does hereby certify, etc., there is no question but that the natural and logical conclusion is that F. N. Hendrix was the commissioner. The certificate, therefore, we think, is a substantial compliance with the requirements of the statute.

Without specially discussing the interrogatories objected to, we are unable to determine that any of them were prejudicial to appellant's rights under the pleadings. .

So far as the weight of testimony is concerned, that is a matter passed upon by the jury, and we are not inclined to

disturb their verdict, even although the testimony on one side was in the form of depositions.

The judgment is therefore affirmed.

ANDERS, C. J., and STILES, HOYT and SCOTT, JJ., concur.