NEW KENTUCKY COAL COMPANY v. UNION PACIFIC RAILWAY COMPANY.

FILED JUNE 15, 1897.   No. 7382.

1. **Depositions: AUTHENTICATION.** Unless the annexed certificate of the officer before whom the deposition of a witness has been taken affirmatively shows that the deposition of such witness was written in the presence of such officer it is incompetent evidence. (Code of Civil Procedure, secs. 380, 385.)

2. ———: ———: REVIEW. It is reversible error to overrule a motion to suppress such a deposition and permit it to be read to the jury when it tends to support the contention of the party offering it as to a material issue.

ERROR from the district court of Douglas county. Tried below before OGDEN, J. *Reversed.*

*Smith & Sheehan,* for plaintiff in error.

*Rich & Sears, contra.*

RAGAN, C.

In the district court of Douglas county the Union Pacific Railway Company, hereinafter called the Railway Company, sued the New Kentucky Coal Company, hereinafter called the Coal Company, to recover a sum of money which the Railway Company alleged the Coal Company had received for its, the Railway Company's, use. The Railway Company had a verdict and judgment, and the Coal Company prosecutes to this court a petition in error.

The only assignments of error which we find it necessary to notice are based on the action of the district court in refusing to suppress the deposition of one M. H. Walker and permitting said deposition, over the objection of the Coal Company, to be read in evidence to the jury in behalf of the Railway Company. The theory of the Railway Company's case is that in the autumn of 1890 there existed in the state of Illinois a corporation known as the New Kentucky Coal and Dock Company, hereinafter called the Dock Company, having a managing agent in Omaha, Nebraska; that at said time the Dock Company caused to be shipped from St. Louis, Missouri, to the firm of Havens & Co., in the city of Omaha, two cars of coal; that the Railway Company transported these two cars of coal from Council Bluffs, Iowa, to the city of Omaha, there tendered them to Havens & Co., and they refused to accept the coal; that thereupon the Dock Company sold the coal to a firm doing business under the name of Moneack & Co., in Omaha, and instructed the Railway Company to deliver the coal to that firm, and that it, the Dock Company, would pay the Railway Com-

pany's freight charges; that subsequently the Dock
Company collected the freight charges from Moneack &
Co., and then failed or went out of business, and the Coal
Company succeeded the Dock Company, took its assets,
and assumed its liabilities, among which were the freight
charges on the coal transported by the Railway Com-
pany from Council Bluffs to Omaha and delivered to
Moneack & Co. under the orders of the Dock Company.
The Railway Company served a notice upon the Coal
Company and took the deposition of M. H. Walker, who
was vice president of the Coal Company, and resided in
the city of Chicago. This is the deposition which the
Coal Company claims the district court erred in not sup-
pressing. Section 380 of the Code of Civil Procedure
provides: "The deposition shall be written in the pres-
ence of the officer taking the same, either by the
officer, the witness, or some disinterested person, and sub-
scribed by the witness;" and section 385 of said Code pro-
vides that the officer taking the deposition shall annex
thereto his certificate showing "that the deposition was
reduced to writing by some proper person [naming him],
and that the deposition was written and subscribed in
the presence of the officer certifying thereto." The de-
position of Walker was taken before one Wilber, a notary
public, and he certified that the deposition subscribed
by Walker "was reduced to writing by Flo E. Philbrick,
stenographer, and in the presence of the witness, and was
subscribed by the said witness in my presence, and
* * * that I am not counsel, attorney, or relative of
either party, or otherwise interested in the event of this
suit." It will be observed that it does not appear from
the certificate of the notary public that the deposition of
Walker was reduced to writing by Philbrick in the pres-
ence of the notary public. It follows that the court erred
in not suppressing the deposition. Was this action of
the court prejudicial? The testimony of Walker tended
to show—and was practically the only testimony to that
point—that the Coal Company was the successor of the
13

Dock Company, and had taken the assets and assumed the liabilities of the latter. Without this testimony the finding of the jury would be unsupported by the evidence. We conclude, therefore, that the court erred in not suppressing the deposition, and that its action in the premises was prejudicial, erroneous, and that its judgment must be and is accordingly reversed.

REVERSED AND REMANDED.