## THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. P. A. PEARSON.

### No. 120.

1. DEPOSITIONS — *notice to take, not naming county, sufficient.* In the absence of any showing of prejudice, a notice to take depositions that designates the place as, "at the office of R. L. McDougal, in the city of Marysville, in the county of ————, in the State of Missouri," will be held sufficient.

2. ———— *certificate defective.* "Our statute requires the certificate of an officer before whom a deposition has been taken to show that the deponent was first sworn 'to testify the truth, the whole truth, and nothing but the truth.' A certificate by such officer which shows that the deponents were sworn 'to testify the whole truth of their knowledge touching the matter in controversy,' is defective, and it is error to overrule a motion to suppress such deposition, alleging such defect as ground therefor." *Telegraph Co. v. Collins,* 45 Kan. 88.

3. ———— *certificate defective.* A certificate of a notary annexed to a deposition, stating that the witness "was examined and his examination reduced to writing and subscribed by him in my presence," is not substantial compliance with the statute requiring that the certificate must show "that the deposition was reduced to writing by some proper person, naming him."

4. ———— *absent party may presume, taken in conformity to statute.* Where a deposition is taken in the absence of the opposing party nothing is waived, and the absent party has the right to presume that the deposition will be taken in strict conformity with the statute.

5. EVIDENCE — *held prejudicial.* The evidence contained in the deposition examined; *held,* that the admission of the same was prejudicial to the substantial rights of the defendant.

Error from Edwards District Court. Hon. S. W. Vandivert, Judge. Opinion filed July 29, 1897. *Reversed.*

*A. A. Hurd, W. Littlefield* and *O. J. Wood,* for plaintiff in error.

*F. Dumont Smith,* for defendant in error.

826          RAILROAD CO. v. PEARSON.

S. Dept.          Opinion.   Schoonover, J.          6 Kan. App.

SCHOONOVER, J.   The defendant in error commenced his action in the district court of Edwards County, against the plaintiff in error, alleging in substance that on the eighteenth day of September, 1891, he delivered to defendant below, at its office in the city of Topeka, one Poland-China boar, the property of plaintiff; that said boar was of full-blooded Poland-China breed, and as such was registered in the Standard Poland-China Record as No. 5442; that the defendant received said property to be by it safely carried from the city of Topeka to the city of Kinsley, State of Kansas; that the defendant did not safely carry and deliver said boar to plaintiff, but wilfully, wrongfully and negligently failed to do so, whereby the said boar was killed or lost, to the damage of plaintiff in the sum of twenty-five hundred dollars.

The case was tried at the January term, 1892, to a jury, and resulted in a verdict and judgment in favor of the defendant in error and against the plaintiff in error in the sum of nine hundred dollars and costs of suit.   The defendant below brings the case here for review.

The serious question in this case arises out of the action of the court in refusing to suppress a deposition. The reasons assigned for the suppression of the deposition are, that the notice for its taking does not contain sufficient information as to the time and place where the deposition was to be taken, and also, that the certificate of the officer taking the deposition was defective.   The motion was supported by the following affidavit:

"A. A. Hurd, of lawful age, being first duly sworn, deposes and says : That he is one of the attorneys of the above-named defendant, and as such has entire charge of its legal business in the State of Kansas; that the

attached notice, marked 'Exhibit A' and made a part
hereof, was served upon him on the eleventh day of
January, 1892 ; that said notice does not contain suffi-
cient information as to the time and place when and
where it is intended to take depositions in said cause
to enable this affiant to attend or provide for the at-
tendance of some other attorney to cross-examine such
witnesses as might be produced in said cause, and
that said notice hereto attached is the only paper
served upon this affiant for the taking of any deposi-
tions in the State of Missouri on the day named in
said notice.   And further affiant saith not.''

The objectionable portion of the notice reads as
follows :

''The defendant, or A. A. Hurd, its attorney, will
take notice that on Wednesday, the twentieth day of
January, A. D. 1892, the plaintiff above named will
take the depositions of sundry witnesses, to be used as
evidence on the trial of the above cause, at the office
of R. L. McDougal, in the city of Marysville, in the
county of ———, in the State of Missouri.''

It will be observed that the notice does not state
the county in which the depositions were to be taken.
Paragraph 4447, General Statutes of 1889, provides :

'' Prior to the taking of any deposition, unless taken
under a special commission, a written notice, specify-
ing the action or proceeding, the name of the court or
tribunal in which it is to be used, and the time and
place of taking the same, shall be served upon the
adverse party, his agent or attorney of record, or left
at his usual place of residence.''

No particular description of the place where the
depositions will be taken is required by this section.
If the law provided that the county should be stated
in the notice, a strict compliance with
the provision would be required.   It is
sufficient compliance with this section if the place is
specified with such certainty as to enable the opposite

<div style="margin-left:2em;font-size:smaller">1. County not necessary.</div>

828      Railroad Co. v. Pearson.

S. Dept.      Opinion.   Schoonover, J.      6 Kan. App.

party to know just where the depositions are to be taken. In the absence of any showing of prejudice, the notice is sufficient.

That portion of the notary's certificate to which objection is made reads as follows —

2. Certificate defective.

"Ira K. Alderman, who was by me first sworn to testify the whole truth of his knowledge touching the matter in controversy aforesaid. That he was examined and his examination reduced to writing and subscribed by him in my presence."

Paragraph 4454, General Statutes of 1889, provides:

"The officer taking the deposition shall annex thereto a certificate, showing the following facts: That the witness was first sworn to testify the truth, the whole truth, and nothing but the truth; that the deposition was reduced to writing by some proper person, naming him; that the deposition was written and subscribed in the presence of the officer certifying thereto; that the deposition was taken at the time and place specified in the notice."

In construing this section of the statute, our Supreme Court, in the case of *Telegraph Co. v. Collins* (45 Kan. 88), says:

"Our statute requires the certificate of an officer before whom a deposition has been taken to show that the deponent was first sworn 'to testify the truth, the whole truth, and nothing but the truth.' A certificate by such officer which shows that the deponents were sworn 'to testify the whole truth of their knowledge touching the matter in controversy,' is defective, and it is error to overrule a motion to suppress such deposition, alleging such defect as ground therefor."

The language of the certificate in the case cited and in the case under consideration is identical, and no further examination on this point is necessary.

The certificate states that the witness "was examined, and his examination reduced to writing and sub-

RAILROAD CO. v. PEARSON. 829

July 29, 1897.　　Opinion.　Schoonover, J.　　W. Div.

scribed by him in my presence." The statute requires
that the certificate must show "that the deposition
was reduced to writing by some proper person, nam-
ing him."

Did the witness reduce his own examination to writ-
ing? This is the question. Looking at the last two
sentences of that portion of the certificate objected to,
from a grammatical standpoint the question may be
answered either in the affirmative or negative with
about equal propriety, there being nothing in the
grammatical construction to determine whether the
phrase "by him," in the last sentence, should be un-
derstood as modifying the predicate of the preceding
sentence.

The first sentence of the certificate says that the
witness was examined. By this we are to understand
that he was asked and that he answered certain ques-
tions. The next sentence states that his examination
was reduced to writing. This implies that in its origi-
nal form it was oral. Now, is it more likely that the
witness, after submitting to an oral examination, was
asked or required to make a statement in writing of
the questions that had been asked him and his an-
swers thereto, or that, while the oral examination was
in progress, a written record of the same was made
by some one other than the witness? Certainly the
latter is more probable, and if it was actually done
the fact could have been appropriately stated. On
the whole, it appears very improbable that the witness
reduced his own examination to writing. But if he
did not, who did? The certificate is too indefinite to
meet the requirements of the statute. No one rep-
resenting the plaintiff in error was present at the time
the depositions were taken; it waived nothing re-
quired in the statute; it had the right to presume that

830     Railroad Co. v. Pearson.

S. Dept.     Opinion.   Schoonover, J.     6 Kan. App.

the deposition would be taken in strict conformity with the statute.

In the case of *Goodhue et al. v. Grant et al.* ( 1 Pin. 556), the court says :

"A deposition cannot be read in evidence unless it plainly and satisfactorily appears from the certificate of the justice that all the requirements of the statute have been fully complied with, and no presumption will be indulged in to supply any defect."

In the states having statutes requiring what facts the certificate must show, the authorities require a strict conformity to the statutory requirements ; but in states where depositions may be taken under a commission or rule of court, greater laxity prevails. Weeks, in his work, The Law of Depositions (§ 454), says :

"In order to prevent injuries to suitors from this mode of taking testimony, in which the opposite party is often not present to cross-examine, and which by unfair and fraudulent practices may be perverted in writing it down, or altered after it has been written, it has been the uniform rule in all courts to exclude a deposition where anything required by the words of the statute authorizing it to be taken has been omitted, if such omission can possibly produce injury to the opposite party. But if it appear that no injury can possibly result from the omission, the courts have generally determined that it shall not exclude the deposition. . . . A strict and literal compliance with the statute is necessary, and the courts have refused to permit parties to avail themselves of such testimony, although the forms required may have been strictly pursued, where there has been any deceit or fraud practiced in the taking. The certificate of the magistrate is not conclusive. But, on the other hand, if it is *defective*, parol testimony is not admissible to supply the omission."

The motion to suppress the deposition should have

been sustained. The evidence contained in the deposition has been examined. It is not covered by the testimony of any other witness, and the admission of the same was prejudicial to the substantial rights of the defendant.

Other questions arise in the case, but for the errors enumerated the judgment of the court below is reversed, and a new trial granted.