## McDOWELL et al. v. McCORMICK.

(Circuit Court, D. Indiana. November 25, 1898.)

### No. 9,626.

SHERIFFS—WRONGFUL EXECUTION OF WRIT OF REPLEVIN—LIABILITY IN TRESPASS.

In the statutory action of replevin in Indiana, the plaintiff is required to state by affidavit that he is the owner, or is lawfully entitled to the possession, of the property described, which is unlawfully detained by the defendant; and the writ issued commands the officer to take the property from the possession of the defendant named therein. *Held*, that such a writ confers no authority on the officer to take the property from any other person than the defendant named, and if he executes it by seizing and taking the property by force from a stranger to the writ, who is the bona fide owner and in the actual possession, he may be sued in trespass therefor in a federal or other court having jurisdiction.

On Demurrer to Complaint.

John H. Bradley and David H. Robbin, for plaintiff.
A. C. Harris, for defendant.

BAKER, District Judge. The question presented by the demurrer is this: When a replevin suit is begun in a circuit court of this state by one person against seven others, as sole defendants, and a writ of replevin is issued to the proper sheriff, commanding him to take specified personal property from the possession of the defendants who are named in the writ, may the sheriff be sued in trespass in this court, if he executes such writ by seizing and taking by force from a stranger to the writ, who is the bona fide owner and in actual possession of it, the property named in such writ? It is a rule of law of universal application that if the court issuing the process had jurisdiction, in the case before it, to issue that process, and it was a valid process when placed in the hands of the officer, and if, in the execution of such process, he keeps himself strictly within the mandatory clause of the process, then such writ or process is a complete protection to him, not only in the court which issued it, but in all other courts. Of this class was a writ of replevin at common law which commanded the officer to seize and take into his possession the personal property named in the writ, and to summon some person therein named. The writ did not name the person from whose possession the property was to be taken by the officer. In this state the common-law action of replevin is abolished, and a statutory method of procedure is provided for the recovery of any personal goods which are wrongfully taken or unlawfully detained from the owner. Before any process for the taking and delivery of personal property can be issued, the plaintiff, or some one in his behalf, must make and file with the clerk an affidavit showing that he is the owner or is lawfully

entitled to the possession of the property, particularly describing it; that the same has not been taken for a tax, assessment, or fine, or seized under an execution or attachment against the property of the plaintiff, or, if so seized, that it is exempt from such seizure; that the property has been wrongfully taken and is unlawfully detained by the defendant, or is unlawfully detained by him; and the estimated value of the property. Upon the filing of such affidavit the clerk issues a writ for the seizure of the property, and the delivery thereof to the plaintiff. If, within 24 hours after its seizure, the defendant executes the undertaking required by statute, the sheriff must return the property to him. If, however, the defendant fails to give the required undertaking, the sheriff is then directed to deliver the property to the plaintiff, if he gives the required undertaking. The action in this state must be against the person having possession of, and unlawfully taking or detaining, the personal property to be recovered. The statute requires the plaintiff, as a condition precedent to the issuing of the writ, to show by affidavit that the property sought to be recovered is in the possession of the defendant, from whom the officer is required to take it and restore it to the plaintiff upon his giving bond, if the defendant fails to give the undertaking required for its retention. If the plaintiff recovers judgment for the property, he is entitled to damages for its wrongful taking or unlawful detention. If he fails, the property is to be restored to the defendant, who may recover damages for the taking. A return of the property is awarded, and, if the property is not returned pursuant to the judgment, the defendant has his remedy on the undertaking, as well as a writ pro retorno habendo. The statute, in all of its provisions, clearly implies that the property to be recovered is in the possession of the defendant, and that it is to be taken from his possession by the officer. The form of the writ, and the mandate to the sheriff therein contained, is that he take from the possession of the defendant, and not from the public generally, the property described in the writ. The person from whom the goods are taken is the one to whom the plaintiff, by the terms of his undertaking, is to return the property, if a return be adjudged. The mandate of the writ is not, like that at common law, simply a command to take in specie certain specified goods and chattels, but the command is to take the goods and chattels in specie from the defendant, and from no one else. The writ confers no authority upon the officer to take the goods and chattels described in it from any other person than the defendant therein named. If he does so, he acts in excess of his authority, and becomes a trespasser. The writ is no protection to him, for the plain reason that it specifically limits his right to take the property to a taking from the defendant, and from none other. If the property has been fraudulently transferred to, or wrongfully placed in the possession of, a stranger to the writ, he could not successfully complain, if the property were seized and taken from his possession by the officer. This, however, would arise, not from the writ being a direct authority to take the property from the possession of such wrongdoer, but from the fact that the wrongdoer would not be injured by the seizure and taking of the property from his possession. In the present

case, however, the plaintiffs allege that they were the bona fide own-
ers of the property mentioned in the writ, and were at the time in
its actual possession when the property was forcibly and wrongfully
seized and taken from them by a writ to which they were strangers.
For this trespass an action lies, and the writ is no protection to the
officer. This court, as a court having concurrent jurisdiction with the
courts of this state, possesses the same authority as would any court
of the state to entertain jurisdiction of this cause. The demurrer
must be overruled, and it is so ordered.