[No. 10655. Department One. November 2, 1912.]

H. NASSER, *Respondent*, v. GEORGE GASTON, *as Sheriff of Thurston County, Appellant.*[1]

REPLEVIN—STATUTORY CLAIM AND DELIVERY—RIGHTS OF · THIRD PERSONS—SHERIFFS—LIABILITY—TROVER AND CONVERSION. Under the claim and delivery statute, which makes ample provision for the indemnity of both parties to the action and the sheriff, but makes no provision for the security of a third party claiming ownership, and provides that where a third party makes claim by affidavit and serving a notice of his title on the sheriff, the sheriff shall not be bound to keep the property or deliver it to the plaintiff unless indemnified, a third party may maintain an action of conversion against a sheriff in possession in a claim and delivery suit, where the sheriff refused to surrender the property upon demand and notice by affidavit as provided by the statute.

DEPOSITIONS— STIPULATION—TAKEN UPON INTERROGATORIES—ADMISSIBILITY—PRESENCE AND ACTS OF COUNSEL—EFFECT. Under a stipulation to take a deposition upon interrogatories and cross-interrogatories, on a commission, a party has no right to be represented by attorney when the deposition is taken; and if he is, the deposition will be suppressed.

DEPOSITIONS—STIPULATION FOR TAKING—CONSTRUCTION AND EFFECT. A stipulation for the taking of a deposition reserving the right to object "to any and all questions and answers," does not exclude the right to object to the manner in which it was taken and returned.

SAME. A stipulation for the taking of a deposition is not to be construed in connection with letters written by opposite counsel, when the letters were not acted on, and the stipulation shows the agreement of the parties.

DEPOSITIONS—CERTIFICATE AND RETURN—NECESSITY—SUFFICIENCY. A deposition taken on stipulation is properly suppressed where there is no certificate to it, and it was not returned to the clerk of the

[1]Reported in 127 Pac. 470.

court conformably to Rem. & Bal. Code, § 1242, 1243, which was not substantially complied with, it not being shown by whom it was reduced to writing or that it was read to the witness.

DEPOSITIONS—MOTION TO SUPPRESS—TIME FOR APPLICATION. A motion to suppress a deposition need not be made before the trial, when it was not then filed, and the motion was made as soon as it was published and the grounds ascertainable.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered May 2, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for conversion. Affirmed.

*E. N. Steele* and *Troy & Sturdevant,* for appellant.

*Fletcher & Evans,* for respondent.

PER CURIAM.—This is an action for damages for the conversion of personal property. There was a verdict and judgment for the plaintiff. The defendant has appealed.

The facts in brief are these: The appellant, Gaston, as sheriff of Thurston county, in a claim and delivery suit between third parties, took possession of certain personal property which the respondent claimed to own. The appellant took the property into his possession on the 9th day of August, 1911. On the day following, the respondent in writing notified him that he owned the property, and demanded its return. On the next day he served upon him his written affidavit, setting forth his title to the property and his right to possession thereof, and again demanded its return. On the next day he notified him in writing that he elected to treat the taking and detention of the property as a conversion. On the same day the plaintiff in the claim and delivery action gave the appellant an indemnifying bond.

The first and principal question is this: Is the suit maintainable against an officer seizing and holding property under the claim and delivery statute in an action in which the claimant had not been made a party when his action was commenced? The appellant strenuously contends that the action

is not maintainable, and has cited authorities which hold that, at common law, replevin did not lie against an officer who was holding property under a writ of replevin. The ground for the rule was that the property was in the custody of the law, and that the possession of the officer could not be disturbed. This was the common law rule. But the question must be determined by reference to the statute. In *Scott v. McGraw*, 3 Wash. 675, 29 Pac. 260, in a claim and delivery suit against a sheriff who was holding the property under a writ of execution against a third party, the court said that the common law action of replevin had been abrogated and the statutory action of claim and delivery substituted in its place; that the statute, 2 Hill's Code, § 256, provided that, when a delivery is claimed, an affidavit shall be made by the plaintiff, or some one in his behalf, showing, among other things, that the property "has not been taken for a tax, assessment or fine, pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff, or if so seized, that it is by law exempt from such seizure." The court said further: "This language plainly implies that in all cases where the property has not been seized under an execution or attachment against the property of the plaintiff himself, he may recover its possession from an officer who may have seized it. Any other construction would render that portion of the affidavit meaningless." Rem. & Bal. Code, § 708, is identical with 2 Hill's Code, § 256. Whilst the court was considering a case where the sheriff had justified under a writ of execution, the construction announced is clearly right in all cases where the plaintiff is not a party to the suit in which the property was seized. The action is a statutory one, and the provisions of the statute may be invoked by complying with its requirements.

An examination of the claim and delivery statute as a whole, Rem. & Bal. Code, §§ 707-716, inclusive, makes it clear that the action is maintainable. Section 709 provides that, upon receipt of the affidavit in conformity with the pro-

visions of § 708 and a bond to the defendant, the sheriff shall forthwith take the property described in the affidavit, if it be in the possession of the defendant or his agent, and retain it in his custody. Section 711 provides that, at any time before the delivery of the property to the plaintiff, the defendant may, if he has not excepted to the sureties on the plaintiff's bond as provided in § 710, require the return of the property, upon giving to the sheriff a bond conditioned for a delivery of the property to the plaintiff if such delivery be adjudged, and for payment to the plaintiff of such sum as may be recovered against the defendant. Section 716 provides:

"If the property taken be claimed by any other person than the defendant or his agent, and such person make affidavit of his title thereto, or his right to the possession thereof, stating the grounds of such title or right, and serve the same upon the sheriff before the delivery of the property to the plaintiff, the sheriff shall not be bound to keep the property or deliver it to the plaintiff, unless the plaintiff, on demand of him or his agent, indemnify the sheriff against such claim by a bond, executed by two sufficient sureties,  .  .  . and no claim to such property by any other person than the defendant or his agent shall be valid against the sheriff, unless made as aforesaid; and notwithstanding such claim, when so made, he may retain the property a reasonable time to demand such indemnity."

It will be observed that the rights of both the plaintiff and the defendant in the claim and delivery suit are sedulously guarded by the statute, and that ample provision is made, not only for their indemnity, but for the indemnity of the sheriff as well, and that the statute makes no provision for security for a third party claiming ownership. It is significant also that the section last quoted provides that the claim of a third person can only be made by an affidavit stating the grounds of the claimant's title or right to possession. If, as the appellant asserts, intervention in the original action is the only remedy of a third party who claims the property,

why does the statute provide that the sheriff, upon being
served with the affidavit, shall not be bound to keep the prop-
erty or deliver it to the plaintiff, unless the latter upon de-
mand shall give him an indemnifying bond "against such
claim"? It is apparent, we think, that the statute contem-
plates that the party serving the affidavit may, if he wishes,
bring any appropriate action against the officer if his demand
for a return of the property is not complied with. This con-
struction is supported by *David v. Gambert*, 57 Iowa 239.
In *Welter v. Jacobson*, 7 N. D. 32, 73 N. W. 65, 66 Am. St.
632, it was held that trover will lie in such cases. In
*McDowell v. McCormick*, 90 Fed. 393, the court held that
an action of trespass lies against an officer by a third party
who was in possession of the property at the time it was taken
in the replevin action. The case of *Mack v. Doak*, 50 Wash.
119, 96 Pac. 825, cited by the appellant, has no application
to the case. There the owners of certain personal property
had given a chattel mortgage upon it which had been fore-
closed under the notice and sales statute, and the property
had been sold to the mortgagee. It was held that the sheriff
and his bondsmen were not liable in a suit for conversion.

The parties, by their counsel, stipulated that the deposi-
tions of two witnesses might be taken "on interrogatories
submitted by the defendant and by cross-interrogatories sub-
mitted by plaintiff, . . . reserving, however, to both
plaintiff and defendant the right to object to any and all
questions and answers thereto, either of defendant or plain-
tiff, by reason of competency, relevancy, materiality, or ad-
missibility thereof, at the time said depositions are used at
the trial of said cause, and that the court may issue commis-
sions accordingly." In pursuance of the stipulation, a rov-
ing commission was issued to take the deposition of one of
the witnesses, and "diligently to examine said witness on the
interrogatories, direct and cross, annexed to this commission,
on his oath first taken before you, and causing said examina-
tion of the said witness to be taken by questions and an-

swers, and to be reduced to writing and signed by the same witness and by yourself, and then certify and return the same annexed to this commission in a sealed envelope into our superior court aforesaid, directed to the clerk thereof, by mail or other usual channel of conveyance . . . under your seal." Interrogatories, direct and cross, were prepared and attached to the commission. One of the appellant's counsel, without notice to respondent, then took the commission and the interrogatories, went to Prince Rupert in British Columbia, was present at the taking of the deposition, returned with it inclosed in a sealed envelope, and filed it with the clerk of the court on the day the trial commenced. The appellant caused the deposition to be published on the first day of the trial. At that time counsel for the respondent moved to suppress it, but the court ruled that the deposition should be published subject to any and all objections when offered in evidence. When the appellant sought to read the deposition in evidence, the respondent again moved to suppress it, on the grounds, among others, (1) because of the said several acts of the appellant's counsel, and (2) because it was neither certified nor mailed to the clerk of the court and was in effect only an affidavit. The motion was sustained upon the second ground.

We think the ground first stated was a fatal one. The stipulation to take the deposition upon the interrogatories and cross-interrogatories, upon a commission, clearly implied that it was to be taken by the commissioner without the presence of either party or his counsel. Any other view would open the door to the grossest fraud. It is not contended that the appellant's counsel was guilty of any wrongful act, other than that he was present at the taking of the deposition and had been in intimate association with the witness for some hours before. He had no right to be present when the deposition was taken; for, as was said in *Beverly v. Burke*, 14 Ga. 70; "There must be no circumstances of unfair advantage obtained by one party over the other, in having testimony

taken by depositions." See, also, *Walker v. Barron*, 4 Minn. 253; *Thomas v. Kinsey*, 8 Ga. 421; *Sayles v. Stewart*, 5 Wis. 8; *Hollister v. Hollister*, 6 Pa. St. 449; *Rice v. Ward*, 93 Tex. 532, 56 S. W. 747; *White v. Southern R. Co.*, 123 Ga. 353, 51 S. E. 411.

The appellant argues, however, that the reservation of the right to object "to any and all questions and answers," upon certain enumerated grounds, excludes all others. This view is untenable. The stipulation, as we have said, clearly implied that the deposition should be regularly taken and returned. This was not done.

Nor can the deposition be made admissible on the ground of necessity. Counsel seeks to excuse his conduct by the fact that he was not able to procure the taking and return of the deposition by mail before the trial commenced. This ground could have been obviated by an earlier application for a commission.

A further contention is made that the stipulation should be read in connection with certain letters written by the respondent's counsel before the stipulation was entered into. The vice of this contention is two-fold; (1) the letter was not acted upon by the appellant, and (2) the stipulation shows the agreement of the parties.

The second ground of the motion is also sound. There is no certificate to the deposition, and it was not returned to the clerk of the court conformably to the commission and the statute, Rem. & Bal. Code, §§ 1242, 1243. It is signed by the witness, and the jurat of the notary is attached. It is argued that the caption of the deposition and the jurat should be read together. It was so held in *Hobart v. Jones*, 5 Wash. 385, 31 Pac. 879. In that case, however, there was a certificate to the deposition, which the court held sufficient when read with the caption. In this case there is no certificate. The deposition does not show by whom it was reduced to writing. It does not show that the deposition was read to the witness, but only that the answers were read to him, and

it was not returned to the clerk of the court. There was no pretense of complying with the statute. The statute provides that, when the deposition is completed, it shall be carefully read to or by the witness, corrected if desired, and subscribed by him. The witness swears that the answers were read to him. An examination of the interrogatories discloses that, in answer to several lengthy questions, he answered "Yes" and "No." It is apparent that a reading of the answers in such cases did not indicate the testimony.

Some of the authorities are to the effect that there must be a substantial compliance with the statute in taking and returning the deposition. 13 Cyc. 955; *Ballard v. Perry's Adm'r*, 28 Tex. 347. Others hold that, in the execution of the commission, the statute must be strictly complied with. *Bell v. Morrison*, 1 Pet. 351; *People v. Morine*, 54 Cal. 575; *Atchison T. & S. F. R. Co. v. Pearson*, 6 Kan. App. 825, 49 Pac. 681; *New Kentucky Coal Co. v. Union Pac. R. Co.*, 52 Neb. 127, 71 N. W. 948. We think the former rule is the better one, but it affords no comfort to appellant.

Finally, it is argued that the motion to suppress the deposition should have been made before the commencement of the trial. The deposition had not then been filed. The respondent took the earliest opportunity to move to suppress it after the grounds were ascertainable. This was sufficient. 13 Cyc. 973.

The view we have taken makes the other assignments immaterial. The judgment is affirmed.