DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 14004.  Department Two.  April 18, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Frank J. Geissler et al., Plaintiff*, v. JOHN TRUAX, *as Judge, Respondent.*[1]

DEPOSITIONS—INTERROGATORIES—SETTLEMENT — DISCRETION — STATUTES—CONSTRUCTION. It is discretionary with the trial court to require a deposition of a witness outside of the state to be taken upon written interrogatories, under Rem. Code, § 1240, which provides that the commission may issue upon written interrogatories or upon oral questions, or partly written and partly oral, and requires notice and application, and that the court must settle the interrogatories, if any have been served and the parties have not settled the same.

SAME—INTERROGATORIES—SETTLEMENT—ABUSE OF DISCRETION. It is not an abuse of discretion to require the testimony of a witness outside of the state to be taken upon written interrogatories, to be settled by the court in advance, where it merely appears that the witness to be examined in a will contest was a nurse who attended the testatrix during her last illness and that neither the contestants nor their attorneys had talked with the witness since the institution of the contest, it not being shown that the knowledge of the witness could not be elicited by interrogatories framed in advance or that the witness was an unwilling witness.

HOLCOMB, J., dissents.

Application filed in the supreme court February 16, 1917, for a writ of mandamus to compel the superior court for Adams county, Truax, J., to issue a commission for the

[1]Reported in 164 Pac. 597.

taking of a deposition by means of oral interrogatories. Denied.

*Merritt, Lantry & Merritt* and *W. M. Nevins,* for relators.

*Zent & Powell,* for respondent.

FULLERTON, J.—Agnes Geissler died testate in the state of Washington, and her will was duly admitted to probate in the superior court of Adams county. Within due time after the admission of the will to probate, one Agnes M. Weber, an heir at law of the testatrix, filed a petition under § 1307 of the code (Remington's), seeking a contest of the will, averring therein that the testatrix was lacking in the necessary capacity to make a will and was subjected to undue influence by her husband, one of the beneficiaries of the will and the person named therein as executor, at the time the same was executed. After issue had been joined on the petition, the contestees applied to the superior court for a commission to take the deposition of one Linne Thompson, who resided in the state of Iowa, before a notary public named in the application. In the affidavit filed in support of the application, it was averred, that the witness named was the nurse who attended on the testatrix during her last illness; that by her the contestees expected to disprove the allegations of the contestant as to the capacity of the testatrix to make the will; that, since the proceeding was begun, none of the contestees nor their attorneys had personally talked with the witness, and that it was, therefore, impossible for such attorneys to frame written interrogatories to be propounded to the witness which would elicit such knowledge as she had on the question involved. In the application it was asked that the witness be examined upon oral interrogatories to be propounded to her at the time and place of her examination.

After a hearing on the application for the commission, the court found from the records and the representations

of counsel that the witness named may be a necessary and material witness in the proceeding, and directed a commission to issue. The court refused, however, to permit the deposition of the witness to be taken on oral interrogatories as requested, but directed that the deposition be taken upon "written interrogatories, direct and cross, without there being present any of the interested parties to this proceeding or their counsel"; further directing that any such interrogatories as the parties desired to be submitted to the witness be prepared and served and noticed for settlement before the court upon any regular law and motion day, if objections thereto be made. The proceeding in this court is an application by the contestees for a writ of mandamus to compel the court to issue a commission permitting an examination of the witness on oral interrogatories, as requested by the contestees in the court below.

In this state, the proceeding to take the deposition of a witness to be used as evidence in the courts thereof is governed by statute. If the witness whose testimony is desired is within the state, the moving party has a choice of modes for taking his deposition; he may take the deposition before a designated officer after the service of a prescribed notice on the adverse party, or he may apply to the court for a commission to take such deposition. Where the witness is without the state, the mode permitted is by commission only. The applicable provision of the statute relating to the taking of depositions by that mode is found at § 1240 of Remington's Code, and reads as follows:

"Any superior court in this state, or any judge thereof, is authorized to grant a commission to take depositions within or without this state. The commission must be issued to a person or persons therein named, by the clerk, under the seal of the court granting the same, and depositions under it may be taken upon written interrogatories or upon oral questions or partly upon oral and partly upon written interrogatories. Before any such commission shall be granted, the person intending to apply therefor shall serve upon the

adverse party a notice of his intention to make such application, stating the time when and the place where such application will be made, which notice shall be served in the same manner and for the same time as provided in section 1233, unless the the court or judge, for sufficient cause shown by affidavit, prescribe a shorter time. At the time the application is presented, the court or judge shall settle the interrogatories, if any have been served and the parties have not settled the same. The clerk, upon issuing the commission, shall attach the interrogatories thereto, if any have been agreed upon or settled by the court, and immediately forward the same to the commissioner. At least five days' notice must be given to the party or witness to be examined out of the state, in case such examination shall be had upon oral interrogatories, and the person before whom the deposition of the witness shall be taken shall have the same power to compel the attendance of such parties or witnesses as any person authorized to take such deposition within this state."

With reference to the manner in which a witness without the state may be examined on a commission issued for that purpose, it was the view of the learned trial judge that it was within the discretion of the court to whom the application for a commission was made to permit it to be done in any one of three ways: (1) wholly upon written interrogatories settled in advance of the issuance of the commission; (2) upon interrogatories propounded to the witness at the time and place of the examination; and (3) partly upon written interrogatories settled in advance of the issuance of the commission and partly upon interrogatories propounded to the witness at the time and place of the examination; holding, in conformity with this view, that it was the duty of the court to exercise this discretion as the facts might appear on the hearing provided for by the statute when the application for the commission is made. We have not been favored with a brief from counsel who represented the contestees at the hearing at bar; but, if we have correctly gathered his meaning, he makes the alternative contention, first, that the court is without discretion of any kind in the matter, that

it is its duty to issue the commission when a reasonable cause therefor is shown, and that it is the privilege of the party applying for the commission to examine the witness in any one of the three methods provided by statute; or, second, that if an option as to the method of examination exists at all and this option must be expressed in the commission, it is the privilege of the applicant for the commission to exercise the option when the commission is applied for.

It is our opinion that the construction put upon the statute by the court presents the sounder view. The language of the statute, it may be conceded, is not entirely clear, but the legislature, in requiring the examination to be made upon commission and in requiring notice to the adverse party of the application for the commission, must have had a purpose, and that purpose we think was to enable the court to insure to each of the parties an equal opportunity in the presentation of evidence. A case can be conceived where the necessary witnesses may reside at widely separated places. If it were at the option of the moving party to examine them on a commission without interrogatories attached, it can readily be seen that it might amount to a denial of justice to the adverse party, since such a party, without knowing in advance the interrogatories that were to be propounded to the several witnesses, could not intelligently frame proper written cross-interrogatories, and his want of means might prevent him from either appearing in person at the hearing or procuring a proper representative. We think that the rights of the adverse party in the premises are as coextensive as the rights of the moving party, and that neither the one nor the other can claim any special privileges under the statute not granted in express terms. It must follow that, since there is a choice of modes for making the examination and the rights of the parties are equal, the duty of determining the mode devolves upon the court to whom the application for the commission is made, and is to be determined from the facts pre-

sented at the hearing, subject to review only for manifest abuse of the discretion involved in the determination.

The right to take the deposition of a witness for use in an action at law is a statutory right, and, owing to the diversity of the statutes, the authorities from one state do not aid much in determining the practice applicable to another. The general rule seems to be, however, that, even in states where the statutes, like our own, permit an oral examination under a commission, that method of examination is not favored and will be allowed only in a clear case of necessity where it is apparent that an examination by interrogatories and cross-interrogatories will be inadequate. 13 Cyc. 891.

Our own case of *Nasser v. Gaston*, 70 Wash. 685, 127 Pac. 470, while not directly in point has some bearing upon the question. There a deposition taken upon a commission with interrogatories annexed had been suppressed by the trial court because of the conduct of the attorney for the moving party. It was not contended that the attorney had been guilty of any fraud or wrongful act, other than that he was present when the deposition was taken and had been in inti-mate association with the witness for some hours before. This court affirmed the order, quoting from *Beverly v. Burke*, 14 Ga. 70, where it was said:

"There must be no circumstances of unfair advantage obtained by one party over the other, in having testimony taken by depositions."

Another case bearing upon the question of fairness is *Donaldson v. Winningham*, 54 Wash. 19, 102 Pac. 879. It was there held that, although the statute did not in express terms require it, the name of the witness sought to be examined upon notice within the state must be stated in the notice. In that case this language was used:

"The naming of the witness in the notice, if not within the letter, is within the spirit of the statute. One of the canons for the construction of statutes is that whatever is within the spirit of the statute is as truly within the statute as if it

were expressed in words. Any other view might work great prejudice to the adverse party. If the name of the witness is given, the adverse party has an opportunity to investigate and determine whether he desires to attend the hearing and cross-examine. He cannot prepare for examination when the name of the witness is not given."

But the applicants contend that, conceding that the selection of the mode of examination to be pursued rests with the court to be reviewed only for manifest abuse, there was such an abuse in this instance. The question is before us on the application for the issuance of the commission and the affidavit in support thereof filed in the court below. The matters occurring at the hearing are not in the record. As we have stated, the papers mentioned show nothing more than the fact that the witness sought to be examined attended upon the testatrix as a nurse during her last illness, and the further fact that neither of the contestees nor their attorneys have personally talked with the witness since the institution of the proceedings to contest the will. While these facts indicate that the witness might give valuable testimony as to the condition of mind of the testatrix during the period the witness waited upon her, they plainly do not disclose that such knowledge as the witness possesses could not be elicited by interrogatories framed in advance of her examination. It is doubtless true that an unwilling witness—one disposed to suppress the truth—can be examined to better advantage orally than by written interrogatories. But even that reason is not available here; it is not shown that this witness is of the designated class. We cannot conclude, therefore, that the order of the court shows any abuse of discretion.

The alternative writ of mandamus heretofore issued is quashed and a peremptory writ denied.

Ellis, C. J., Mount, and Parker, JJ., concur.

Holcomb, J., dissents.